*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ESTATE OF BIMLA NAYYAR, by RAKESH
NAYYAR, Personal Representative,

Plaintiff-Appellee,

v

OAKWOOD HEALTHCARE, INC., doing
business as OAKWOOD HOSPITAL &
MEDICAL CENTER,

Defendant-Appellant.

UNPUBLISHED
May 14, 2020

No. 343676
Wayne Circuit Court
LC No. 13-009819-NH

Before: METER, P.J., and O'BRIEN and SWARTZLE, JJ.

METER, P.J. (*concurring in part and dissenting in part*).

I concur in all aspects of this majority opinion, including reluctantly the disposition, save one issue. I disagree with the finding in Section C that a mistake was not made in the prior panel's decision. I believe a mistake was made. As the majority notes, defendant admitted to breaching the standard of care prior to trial. Thus, trial testimony focused on causation and damages. Accordingly, any and all testimony elicited by plaintiff regarding the relevant standard of care and associated breach were completely irrelevant, as the majority recognizes. Whether plaintiff proceeded through trial under a theory of medical malpractice or ordinary negligence, the issue of causation was the same. See *O'Neal v St. John Hosp & Med Ctr*, 487 Mich 485, 496-497; 791 NW2d 853 (2010). Similarly, the only difference regarding damages involved the amount: damages are capped in medical malpractice cases, but uncapped in ordinary negligence cases. However, this difference is not known to the jury when the jury deliberates on the issue of damages. See MCL 600.6304(5). Thus, in this case, the jury necessarily determined the only two remaining issues, independent of what theory of negligence plaintiff proceeded with. The prior panel should have remanded the case for entry of judgment in favor of defendant, but with damages capped, which is standard operating procedure that trial courts can easily accomplish post-verdict in any medical malpractice case. See MCL 600.6304(5).

-1-

I would separately urge the Michigan Supreme Court to reexamine and clarify the law-of-the-case doctrine in cases involving, as here, "lateral review". Most importantly, I would strongly urge the Michigan Supreme Court to grant leave and remand the case for entry of a capped judgment in favor of defendant, which certainly the Michigan Supreme Court can do in a hierarchical review system. Then-Chief Justice Markman's concurrence in this case's prior appeal to the Michigan Supreme Court ended with a rhetorical question: "Yet the decedent's husband's plaintive inquiry nonetheless resonates loudly: 'How is [this] possible in a just and fair world . . . ?' There is no satisfactory answer, in my judgment, only that further review of this matter might well be pursued in an appropriate action." *Nayyar v Oakwood Healthcare, Inc*, 501 Mich 972, 972; 906 NW2d 212 (2018) (MARKMAN, C.J., concurring) (alteration in original). This case is that appropriate action.

/s/ Patrick M. Meter